## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ISSUANCE OF ARREST WARRANT

Your affiant, Ryan S. Boone, being dully sworn and deposed, states the following:

1. Your affiant is a Task Force Officer for the Department of Homeland Security, Homeland Security Investigations (HSI). Your affiant is currently participating in the investigation of a marijuana and cocaine distribution organization operating in the Hampton Roads area of Virginia. **ERIC DON TURNER** has been identified as a distributor of marijuana for this organization. During the course of this investigation, it has been determined that **ERIC DON TURNER** was supplied marijuana from individuals who transported the marijuana to the Hampton Roads area of Virginia. **ERIC DON TURNER's** marijuana and cocaine distribution was occurring in the Eastern District of Virginia (EDVA).

2. Your affiant makes this affidavit in support of an application for an arrest warrant for the following individual:

    a. **ERIC DON TURNER**

3. This request for an arrest warrant is made in relation to the following offenses occurring in the Eastern District of Virginia (EDVA) and elsewhere:

    a. Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, U.S.C., Section 841
    b. Possession of a firearm in furtherance of a drug Trafficking Offense in violation of Title 18, U.S.C, Section 924(c)

## FACTS AND CIRCUSTANCES

4. Since this affidavit is being submitted for the limited purpose of securing authorization for an arrest warrant, your affiant has not included each and every fact which is known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts that are believed to be necessary to establish probable cause for an arrest warrant. Facts not set forth herein are not being relied upon in reaching the conclusion that an arrest warrant should be issued. Nor is it requested that the Court rely upon any facts not set forth herein in reviewing this affidavit.

5. Your affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other

information which I have reviewed and determined to be reliable, your affiant alleges the following:

6. In or about March 2023 this affiant received information from a Virginia State Police reliable confidential informant advising that **ERIC DON TURNER** and another subject were seeking retaliation for a homicide that occurred in Newport News, Virginia. The victim of the homicide was known to be an associate of **ERIC DON TURNER**. The reliable confidential informant advised that **ERIC DON TURNER** and the other subject were actively seeking the whereabouts of a subject they believed responsible for the homicide and had previously shot at the person. The reliable confidential informant advised that both subjects had been seen with weapons.

7. In or about April 2023 the investigative team conducted a controlled drug purchase from **ERIC DON TURNER** at his residence within the City of Hampton, Virginia utilizing a reliable confidential informant. The purchase was for a distribution amount of marijuana. During the purchase, a black semiautomatic handgun was observed on a nightstand just feet away from where the deal took place.

8. In or about April 2023 the reliable confidential informant went to the residence of **ERIC DON TURNER** located in the City of Hampton, Virginia and observed distribution amounts of marijuana and a black semiautomatic handgun.

9. On April 25, 2023, this affiant sought and obtained a search warrant for the residence of **ERIC DON TURNER** located at 1001 Cool Spring Court Apartment 113, Hampton, Virginia.

10. On April 27, 2023, the search warrant was executed at **ERIC DON TURNER's** residence at 1001 Cool Spring Court Apartment 113, Hampton, Virginia. As a result of the search warrant numerous pieces of evidence was collected to include approximately five ounces of powder cocaine, approximately one pound of marijuana, digital scales, US Currency, ammunition, and a Glock nine-millimeter semiautomatic handgun bearing serial number AECS045.

11. Based on the evidence collected **ERIC DON TURNER** was transported to the Hampton Police Division's detective bureau for questioning. While there he was provided a Miranda warning by this affiant after which he stated he understood his rights. The following information was provided. **ERIC DON TURNER** advised that he did drive around to try and gather his own intelligence as to who was responsible for the homicide. He advised after being released from Federal prison he has only sold marijuana. He stated that the investigative team should have recovered between a half pound to one and a half pounds of marijuana from his residence. As far as the cocaine he stated that he was holding it for someone and that it should be between four to five ounces. **ERIC DON TURNER** also stated that we should have found a gun under his mattress, and he only has it for protection after the homicide. He stated that he thought he could have it since he was no longer on probation and that he purchased it off the streets from an unidentified subject he knew that sells

guns.

12. Based on the evidence collected from the search warrant and the interview of **ERIC DON TURNER** this affiant sought and obtained charges related to the controlled substances and weapon recovered under Virginia criminal law.

13. Based on my training and experience, I know that individuals involved in the trafficking of narcotics are often armed with firearms. They possess these firearms to protect themselves, their narcotics and their money from other drug traffickers, and drug users. The firearms also serve to intimidate others. In this case the quantity of narcotics and the large amount of currency are emblematic of the items that need protecting.

14. A criminal history check shows that **ERIC DON TURNER** was convicted in federal court of Possession of Firearm by Felon Title 18 U.S.C., Section 922(g) on July 11, 2002 and again of Felon in Possession of a Firearm Title 18 U.S.C. Section 922(g) on March 11, 2013.

Based on the above, I believe that there is probable cause to believe that violations of Title 21, U.S.C., Section 841 and Title 18 U.S.C Section 924(c), have been committed by **ERIC DON TURNER.**

Read and Approved:

_____
Eric M. Hurt
Assistant United States Attorney

_____
Ryan Boone
Task Force Officer
Homeland Security Investigations

Sworn and subscribed to before me
On this 23rd day of August 2023.

_____
Robert J. Krask
United States Magistrate Judge
Norfolk, Virginia

3